IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Sue B. Zeigler, *as Personal Representative of the Estate of Gibbs Argo Zeigler,* | ) ) ) ) | Case No. 8:26-cv-01218-JDA |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Christopher Ryan Fisher; Leslie Marie Reynolds Fisher; Fisher Transport, LLC; South Carolina Department of Transportation; Graceland Properties SC, LLC; Graceland Holdings, LLC; Graceland Properties, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This matter is before the Court following a Text Order to Show Cause why the Court should not remand the action to state court. [Doc. 9.] Having reviewed the applicable filings and case law, the Court concludes that it does not possess subject matter jurisdiction and remands the action to the Abbeville County Court of Common Pleas.

**BACKGROUND**

Plaintiff filed an Amended Complaint against Defendants in the Abbeville County Court of Common Pleas on March 13, 2024. [Doc. 1-1 at 145–54.] The Amended Complaint alleges that, on or about March 30, 2022, Defendant Christopher Ryan Fisher ("Christopher") was traveling east on a highway maintained by Defendant South Carolina Department of Transportation ("SCDOT") in Defendant Leslie Marie Reynolds Fisher's vehicle "pursuant to the instruction and employment of Defendant Fisher Transport LLC." [*Id.* at 147 ¶¶ 12, 14, 16.] Decedent Gibbs Arlo Zeigler ("Decedent") was traveling west

on the same highway.  [*Id.* ¶ 16.]  The vehicle operated by Christopher was hauling a shed manufactured, sold, and loaded by Defendants Graceland Properties SC, LLC; Graceland Properties, LLC; and/or Graceland Holdings, LLC (collectively, "Graceland" or the "Graceland Defendants").  [*Id.* at 146–47 ¶¶ 7–11.]  Christopher, "traveling too fast for conditions, ran off the road to the right, causing . . . a shed[] to strike the narrow guardrail end.  The shed was thrown into the oncoming traffic path of Decedent, causing a head on collision with [the] shed.  This collision caused Decedent to cross left of center, run off the road[,] and strike a ditch."  [*Id.* at 147–48 ¶ 16.]  Decedent died at the scene.  [*Id.* at 148 ¶ 16.]

Plaintiff asserts claims against Defendants for negligence, negligence per se, wrongful death, survival, and gross negligence.  [*Id.* at 148–53 ¶¶ 22–34.]  Relevant here, Plaintiff alleges that the Graceland Defendants "were negligent, grossly negligent, reckless, willful and wanton" by:

> a.  . . . failing to maintain and oversee [their] loaded buildings in a safe condition;
>
> b.  . . . failing to properly load [their] buildings/sheds for safe hauling and transportation;
>
> c.  . . . creating hazardous hauling conditions on the roadways by not properly securing [their] sheds/buildings for hauling and transportation;
>
> d.  [b]eing on notice of the dangerous condition(s) that existed at the time [their] buildings/sheds were being loaded for transport and hauling;
>
> e.  . . . failing to regulate, inspect, monitor, oversee and manage [their] sheds/buildings for transport and hauling;

2

f.  . . . failing to ensure that drivers responsible for hauling [their] sheds/buildings were properly trained, insured, vetted, and safe for the roadways of South Carolina;

g.  . . . failing to operate a business in a way that would protect citizens on the roadways of South Carolina from unnecessary dangerous hazards; [and]

h.  . . . failing to use the degree of care and caution that a reasonably prudent person or agency would have exercised under the same circumstances. . . .

[*Id.* at 152–53 ¶ 31.]  Plaintiff seeks actual damages, punitive damages, costs, and "such other and further relief as [the] Court may deem just and proper."  [*Id.* at 153.]

The Graceland Defendants filed Answers in the Abbeville County Court of Common Pleas on April 17, 2024.  [*Id.* at 177–85 (Graceland Properties SC, LLC); 186–94 (Graceland Holdings, LLC and Graceland Properties, LLC); 195–203 (same).]

The Graceland Defendants removed the action to this Court on March 20, 2026, on the basis of federal question jurisdiction.  [Doc. 1; *see* Doc. 4.]  They contend that an expert report provided by Plaintiff on February 23, 2026 "disclosed that the claim(s) against [the Graceland Defendants] were necessarily being based entirely on alleged violations of federal law, and in particular, regulations promulgated by the Federal Motor Carrier Safety Administration" ("FMSCA regulation(s)" or "FMCSR(s)") under the Federal Motor Carrier Safety Act ("FMSCA").  [Doc. 4 at 3; *see also* Doc. 1-3.]

On April 7, 2026, the Court issued an Order to Show Cause directing Defendants to address whether Plaintiff's state law negligence claim implicating FMCSA regulations

3

warrants federal jurisdiction.[1]  [Doc. 9.]  The Graceland Defendants and SCDOT filed responses [Docs. 11; 12], and Plaintiff filed a reply [Doc. 13].

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Id.* Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.*  Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Federal question jurisdiction derives from 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "To determine whether a plaintiff's

---

[1] The Fourth Circuit Court of Appeals has explained:

> [A] district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction, or it may invite a motion to remand based on a lack of subject matter jurisdiction and resolve that motion as it would any other motion, again imposing the burden of demonstrating jurisdiction on the defendants.

*Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

claims 'arise under' the laws of the United States, courts typically use the 'well-pleaded complaint rule,' which focuses on the allegations of the complaint." *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003)).

"[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). However, a case may also arise under federal law where the plaintiff's "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . ." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). The relevant inquiry is whether a substantial federal question is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Where all four of these requirements are met, . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn v. Minton*, 568 U.S.

251, 258 (2013) (internal quotation marks omitted).  That said, if the removing party fails to establish even one of these requirements, removal is not justified under federal law.

## **DISCUSSION**

Plaintiff's Amended Complaint asserts only state law claims for relief.  [*See generally* Doc. 1-1 at 145–54.]  Thus, federal law does not create any of Plaintiff's asserted causes of action, and the Court must turn to the *Grable* factors to determine whether Plaintiff's claims raise "significant federal issues."

In their response to the Show Cause Order, the Graceland Defendants contend that Plaintiff's negligence claim arises out of federal law because FMCSA regulations supply the sole source of the Graceland Defendants' duty.[2]  [Doc. 11 at 10–20; *see id.* at 17 ("The [e]xpert [r]eport established—for the first time—that Plaintiff's claim against the Graceland Defendants necessarily rel[ies] only on the [FMCSA's] definition of the legal relationship between the Graceland Defendants and Fisher; specifically, FMCSR 390.5.  The [e]xpert [r]eport states that 'Per the FMCSA, Graceland is considered Fisher's employer even though Fisher was an independent Contractor.'  Because of this federal definition provided in FMCSR 390.5, Plaintiff argues that the Graceland Defendants had (and allegedly violated) duties prescribed only under federal law, including, without limitation: a duty to maintain a Driver Qualification File on Fisher, non-compliance with Federal DOT Drug Testing regulations, improper load securement under FMCSR § 393.100, and improper hiring, supervising, assigning, or dispatching of divers under FMCSR § 392.1. . . .  [W]ithout [Plaintiff's] reliance on [federal law], the Graceland

---

[2] As noted, SCDOT also filed a response.  [Doc. 12.]  It states that it "takes no position as to whether this action should be remanded" because it "has reached a settlement with Plaintiff as to all claims" against it.  [*Id.* at 1.]

Defendants have no duties and Plaintiff's claims must fail." (cleaned up)).] Conversely, Plaintiff maintains that her claim may be resolved without recourse to federal law. [Doc. 13 at 4–9.] The Court agrees with Plaintiff.

"A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Conversely, "if the plaintiff can support [her] claim with even one theory that does not call for an interpretation of federal law, [her] claim does not 'arise under' federal law for purposes of § 1331." *Id.* at 817. This inquiry is limited to the four corners of the complaint, meaning that the court may consider only the plaintiff's statement of her own claim. *See Kerr v. Ingersoll-Rand Indus. U.S.,* No. 1:23-cv-961, 2025 WL 33736, at *3 (M.D.N.C. Jan. 6, 2025).

Here, the Graceland Defendants have not demonstrated that a federal issue is necessarily raised by Plaintiff's state law negligence claim. As an initial matter, the Graceland Defendants acknowledge that "[t]he Amended Complaint . . . [does] not allege any causes of action against the Graceland Defendants (or against any Defendant) based upon any alleged violations of any federal law, rule[,] or regulation." [Doc. 11 at 3.] Moreover, the Graceland Defendants have not pointed to a single case wherein a court relied partially or exclusively on an expert report—as opposed to the four corners of the operative complaint—to establish that a plaintiff's claim necessarily raised a federal issue. *See Marble v. Crownquest Operating, LLC*, MO:23-CV-00009-DC-RCG, 2023 WL 4669673, at *5 (W.D. Tex. June 27, 2023) (determining that an "expert report alone" was not "enough to carry the [r]emoving [d]efendants' burden of showing a federal issue [was]

7

necessary to resolution of [the plaintiff's] state law claims" in light of the allegations in the operative complaint and the fact that "any ambiguities should be construed against removal").

Even assuming the Court may consider the FMCSA regulations discussed in the expert report, Plaintiff's negligence claim may be resolved without recourse to those regulations. Indeed, South Carolina law sets forth its own duties for manufacturers and/or shippers of cargo. For example, regarding Plaintiff's claim that the Graceland Defendants negligently hired and/or supervised the drivers responsible for hauling their sheds, South Carolina law dictates that "the principal in an independent contractor relationship may be subject to liability for physical harm proximately caused by the principal's own negligence in selecting the independent contractor." *Ruh v. Metal Recycling Servs.,* 889 S.E.2d 577, 579 (S.C. 2023) (footnote omitted). Regarding Plaintiff's claim that the Graceland Defendants negligently loaded and/or secured the shed, South Carolina law dictates that a shipper who "'assumes the responsibility of loading . . . becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier.'" *Mastropole v. Transit Homes, Inc.,* 175 S.E.2d 465, 470 (S.C. 1970) (quoting *United States v. Savage Truck Line*, 209 F.2d 442, 445 (4th Cir. 1953) (majority rule)); *see also* 22 Williston on Contracts § 59:25, Duty to Load and Unload Cargo (4th ed.) ("[W]hen a shipper assumes the responsibility of loading, the general rule is that it becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper."). Thus, Plaintiff may prove the negligence claim under South Carolina law without

reference to any duties created by FMSCA regulations.[3]  *See Mullins v. Dominion Energy S.C. Inc.,* No. 3:21-cv-03165-SAL, 2022 WL 1498293, at \*3 (D.S.C. May 12, 2022) ("Plaintiffs' claim does not *require* interpretation of [the defendant's Federal Energy Regulatory Commission] license or federal law because South Carolina sets forth its own duties for landowners to keep their premises safe."); *Mulcahey,* 29 F.3d at 153 (treating an allegation of negligence per se based on a violation of federal regulations as "only an alternative theory of liability" under the plaintiffs' negligence cause of action).

Finally, the Court is unpersuaded by the Graceland Defendants' reliance on *Sherr v. S.C. Electric & Gas Co*., 180 F. Supp. 3d 407 (D.S.C. 2016), and *Minnesota v. Fleet Farm LLC*, 679 F. Supp. 3d 825 (D. Minn. 2023).  [Doc. 11 at 14–16.]  In *Sherr*, the court determined that "the only . . . ascertainable source of a duty of care for [the plaintiffs'] negligence claim . . . stem[med] from its status as a licensed [Federal Energy Regulatory Commission] project . . . ."  *Sherr*, 180 F. Supp. 3d at 417.  And in *Fleet Farm,* the Court determined that "the State's negligence claim seem[ed] premised [solely] on the fact that [the defendant] violated its duty of care by not following federal guidance for [federal firearm licensees]."  *Fleet Farm*, 679 F. Supp. 3d at 837.  Not so here: as discussed

---

[3] Given the foregoing analysis, the Court also agrees with Plaintiff that "[t]he Graceland Defendants' reliance on the FMCSA 'employer' definition in FMCSR 390.5 conflates the question of Graceland's federal regulatory status with the question of Graceland's state-law duty." [Doc. 13 at 12–13.]  That is, Christopher's classification under the FMSCA regulations "does not extinguish Graceland's state common-law duty of care as the manufacturer and shipper who arranged for oversized freight to travel on public highways." [*Id*. at 12–13.]

previously, Plaintiff has identified several alternative state law duties underlying the negligence claim against the Graceland Defendants.[4]

In sum, the Graceland Defendants have failed to meet their burden of showing that a federal issue was necessarily raised.[5]  As such, this Court does not possess federal

---

[4] In addition to state common law duties, the expert report also references duties arising under the haulage contract.  [*See, e.g.,* Doc. 11-2 at 4 ("Fisher had a haulage contract with Graceland to provide delivery and set[-]up services for Graceland."), 6 ("Graceland . . . failed to ensure Fisher was in compliance with other parts of their contract," such as "[p]rovid[ing] a one-million-dollar automobile policy . . . and a one-million-dollar general liability policy"), 10 (referencing the haulage contract's requirement that Christopher "'[c]omplete [Graceland's] training program at such a time, place, and manner prescribed by [Graceland]'"), 11 ("Graceland's failure to abide by critical safety requirements in their own contract with Fisher was a cause of the subject crash.").]

[5] Although the Court's inquiry could end here, it is worth noting that the Graceland Defendants fail to establish that the federal question is substantial and capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  *See Kerr*, 2025 WL 33736, at *5–6 ("Plaintiff's state law tort claim . . . includes, as an element, an alleged breach of a federal duty under FMCSA and FMCSR. . . . [T]he vast majority of courts who have considered the issue have held that there is no cause of action for personal injury under FMCSA or its associated regulations. . . . Additionally, . . . by setting only minimum standards and permitting states to continue enforcing their own safety laws, it is clear that Congress did not believe a federal forum was necessary just because FMCSRs were implicated.  Finally, . . . [d]etermining the scope of duty under FMSCA may resemble the kind of 'pure issue of law' that can constitute a substantial federal question. . . .  However, in light of *Merrell Dow* and *Grable*, the absence of a private cause of action under FMCSA, the fact this claim is brought pursuant to state tort law, and the fact that FMCSA and FMCSR expressly permit states to continue enforcing their own motor vehicle safety laws all lead this court to find that, in this case, a federal forum is not warranted." (footnote omitted)).

The Court assumes, without deciding, that the federal issue is actually disputed.  [*See* Docs. 11 at 18 ("Second, the parties clearly actually dispute the effect of the FMCSA on this case.  Specifically, the Graceland Defendants deny that FMCSR 390.5 applies to them, that they owe any duties under FMCSR 390.5, and that they should be considered an 'employer' rather than an 'independent contractor.'"); 13 at 12 ("Even if there is a dispute as to whether Fisher is Graceland's 'employer' under the FMCSA . . .").]

question jurisdiction over the action.[6]

## **CONCLUSION**

Based on the foregoing, the Court concludes that Defendants have failed to meet their burden of establishing subject matter jurisdiction. The Court therefore REMANDS the case to the Abbeville County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

July 31, 2026
Greenville, South Carolina

---

[6] Because the Court denies federal question jurisdiction on these previously discussed bases, it need not address the parties' arguments regarding the procedural requirements of removal. [*See* Docs. 11 at 6–10; 13 at 15–16.]